IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

_____

No. 99-60023
Summary Calendar
_____

GLENDA CLARK; ET AL.,

                                              Plaintiff-Appellant,

GLENDA CLARK; FRANK SMOTHERS;
JEFF CLARK; JAN CLARK; IVY
INVESTMENTS, INC.; ROBERT WILLIAMS,

                                             Plaintiffs-Appellants,

                          versus

D. C. PARKER; ET AL.,

                                                    Defendants,

D. C. PARKER; RICHARD B. FLOWERS;
LLOYD LINK; BETTY LINK; LINK &
ASSOCIATES,

                                          Defendants-Appellees.
_____

Appeal from the United States District Court
for the Northern District of Mississippi
(1:97-CV-210-B-D)
_____

August 30, 1999

Before JOLLY, JONES, and BENAVIDES, Circuit Judges.

PER CURIAM:[*]

        Glenda Clark, Robert Williams, Frank Smothers, Jeff Clark, Jan

Clark, and Ivy Investments, Incorporated ("Ivy") appeal the

district court's granting of summary judgment for D. C. Parker,

_____

        [*]Pursuant to 5TH CIR. R. 47.5, the court has determined that
this opinion should not be published and is not precedent except
under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

Richard B. Flowers, Lloyd Link, Betty Link, and Link & Associates.[1]
The appellants argue that the district court erred when it
concluded that as a matter of law their claims were barred by the
applicable statutes of limitations.[2] Further, the appellants argue
that the district court erred in granting summary judgment for
Parker and Flowers based on the appellants' claims of fraudulent
misrepresentation. As we find no error on the part of the district
court, we affirm for essentially the same reasons.

The general background facts are largely undisputed, and we
take the liberty of adopting in part the district court's
recitation of those facts. Parker and Flowers are farmers and
landowners who own land at and around Mhoon Landing in Tunica
County, Mississippi. Initially, when casino gambling was legalized
in Mississippi, Mhoon Landing on the Mississippi River was the
closest point to Memphis, Tennessee, where a casino could be
legally constructed. Parker and Flowers sold or leased various
parcels of property on Mhoon Landing and announced plans to develop
roads and other infrastructure in the area. By September 1993, one

---

[1]The attorneys representing D. C. Parker and Richard B.
Flowers filed the motion for summary judgment. Lloyd Link, Betty
Link, and Link & Associates who are representing themselves pro se
filed a letter motion asking that they be allowed to join in Parker
and Flowers's motion for summary judgment. This letter motion was
granted by the district court.

[2]The claims of common law fraud, breach of contract, and
breach of fiduciary duty were alleged against each of the named
defendants. The claims of violation of federal and state
securities law were alleged against Lloyd Link, Betty Link, and
Link & Associates.

casino was in operation at Mhoon Landing and others were in the process of being constructed.

In August 1993, Lloyd Link approached Glenda Clark, Jeff Clark, Jan Clark, and Robert Williams about the potential for development in Tunica County as a result of the casino boom. In early September, Link notified them that he had located 5.0 acres of land in Tunica County. The property was owned by a Mr. Sugar. On September 2, Link obtained a contract on behalf of the Clarks and Williams for the sale of the Sugar property. On or about that same date, the Clarks, Robert Williams, and various other investors formed Ivy Investments, which was officially incorporated in Alabama on October 14, 1993.

On September 29, the proposed sale on the Sugar property fell through. Link informed Ivy Investments that they could purchase 5.5 acres on Mhoon Landing for $250,000 from Parker and Flowers. Link had already scheduled a closing and had given Parker and Flowers a check for $50,000 as a down payment.[3] The members of Ivy, based on Link's representation as to the desirability of the property, and based on Parker and Flowers's representation concerning their intention of developing infrastructure, voted to purchase the Mhoon Landing property.

On October 3, members of Ivy met with Lloyd and Betty Link to make arrangements for the closing. The president of Ivy

---

[3]Parker and Flowers deny ever receiving this $50,000.

Investments, Loye Russell, expressed some concern about Link and voiced his intention to attend the closing. Link immediately insisted that Russell be removed from the group. The other members of Ivy Investments complied with Link's request, rather than risk jeopardizing the deal. Link and Glenda Clark bought Russell's shares in Ivy Investments. Link insisted that no member of Ivy attend the closing. On October 4, Link and his wife, Betty, attended the closing. Betty signed the closing statement on behalf of Ivy.

The purchase price as indicated on the original closing statement was $200,000. On the closing statement, which Link delivered to Ivy, the purchase price had been altered to state $250,000. The typeset of the purchase price on the altered closing statement received by Ivy was clearly different from that in the remainder of the document. In deposition, Glenda Clark admits that in November 1993, she noticed the obvious difference in the typeset of the purchase price. Although she admits that she suspected that the document had been altered, she waited until February 1997 to obtain a copy of the original closing statement from the closing attorney.

Jeff Clark admits that he likewise noticed the differences in the typeset in the closing statement that Link delivered to Ivy. Like Glenda Clark, he took no steps to quell his suspicions. Further, Jeff Clark admits in deposition that he was suspicious

about Link from the start, and that he felt he was double dipping. He similarly failed to act on these suspicions.

After the closing, Ivy began making preparation for the construction of a hotel, but construction never began. Although Parker and Flowers maintained that the area was being developed, it would have been clear to any onlooker that little development was occurring. Not long after the sale of the property, the legislature changed the statutory scheme regulating the permissible locations of casinos. As a result, Mhoon Landing was no longer the closest point to Memphis upon which a casino could be constructed. Following the change of law, the much ballyhooed casino industry at Mhoon Landing vanished like a ghost into the night. As a result, Parker and Flowers had no reason to develop the infrastructure, and Ivy never built its proposed hotel. On July 7, 1997, nearly three years and nine months after the sale of the Mhoon Landing property, Ivy filed this civil action alleging common law fraud, breach of contract, breach of fiduciary duty, and violations of Rule 10(b)(5) of the Securities and Exchange Act of 1934 and Mississippi securities law.

Mississippi Code Annotated § 15-1-49 provides a three-year statute of limitations for matters arising out of written contracts or misrepresentations. Mississippi Code Annotated § 15-1-29 similarly provides for a three-year limitation of actions on matters arising out of unwritten contract. Claims arising out of securities fraud have a two-year statute of limitation under both

5

Mississippi state and federal law.  Miss. Code Ann. § 75-71-725; Felts v. National Account Systems Ass'n. Inc., 469 F.Supp. 54, 64 (N.D.Miss. 1978)(holding state statutes of limitation applicable to federal securities claims).

There is no question that Ivy's claims, absent an applicable tolling mechanism, are time barred.  Ivy points to Mississippi's doctrine of fraudulent concealment for relief, codified as follows:

> If a person liable to any personal action should fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time which such fraud shall be, or with reasonable diligence might have been, first known or discovered.

Mississippi Code Ann. § 15-1-67.  To assert a valid claim of fraudulent concealment, the movant must demonstrate that the defendant concealed the conduct complained of, and as a result of this concealment, the movant was unable to discover the facts forming the basis of his claim despite the exercise of reasonable diligence.  See State of Tex. v. Allan Constr. Co., 851 F.2d 1526, 1528 (5th Cir. 1988).  Here, for the applicable statutes of limitation to be tolled, we will have to find that through the exercise of reasonable diligence, Ivy could not have discovered the fraudulent concealment of their causes of action until at least July 7, 1994.[4]

---

[4]As to claims pursuant to federal and state securities law, the relevant date is July 7, 1995.

We are in agreement with the district court that Ivy has produced no evidence from which a reasonable person could believe that Ivy could not have discovered its alleged causes of action until July 7, 1994. Any claim of fraudulent concealment arising out of the failure to develop infrastructure at Mhoon Landing should have been discovered by the lack of progress by Parker and Flowers in developing the area long before July 7, 1994. Ivy states in its brief that following the purchase of the Mhoon Landing property, various members of Ivy applied for a motel franchise, rented a trailer in Tunica County, and established business contacts in the Tunica area. These visits to Tunica County provided ample opportunity for members of Ivy to visit the Mhoon Landing site and to discover the lack of development.[5]

As to any claim of fraudulent concealment arising out of the apparent alteration of the closing statement delivered by Mr. Link to Ivy, we hold that it should have been discovered long before July 7, 1994. In deposition, Glenda Clark stated that she realized the document appeared to be altered and became suspicions as early as November 1993. The members of Ivy were in Tunica County on numerous occasions and could easily have reviewed the original closing statement to see if their copy had been altered. Jeff

---

[5]The members of Ivy assert that they made reasonable efforts to discover Parker and Flowers's misrepresentations by frequently stopping by Parker's office and inquiring about the status of Mhoon Landing. Had the members of Ivy made the short journey from Parker's office to the site of the Mhoon Landing property, they would have discovered that no development was in fact taking place.

Clark also admits in deposition that he noticed the inconsistencies in the typeset on the closing statement well before July 7, 1994, but failed to investigate the cause. Other red flags that should have warned Ivy of potential trouble were Mr. Link's insistence that none of its members attend the closing, and Mr. Link's request that Loye Russell be removed from the group after expressing his concerns about him. In sum, we are in agreement with the district court that through reasonable diligent effort, Ivy should have discovered these causes of action long before July 7, 1994.

As to Ivy's claim that Parker and Flowers fraudulently concealed their true intentions regarding the development of Mhoon Landing, we hold that any statements made by Parker and Flowers regarding future developments were merely promises of future conduct and can only be the basis for a claim of fraudulent misrepresentation in a narrow situation. The Mississippi Supreme Court has made clear that in cases of fraud, based on a promise of future conduct, the movant must show that the promise was made "with [the] present intent not to perform." Bank of Shaw v. Posey, 573 So.2d 1360 (Miss. 1990). As such, to succeed on their claim of fraudulent concealment regarding Parker and Flowers's promise to develop the infrastructure of Mhoon Landing, Ivy must show that Parker and Flowers did not intend to develop Mhoon Landing at the time the property was purchased. We are in agreement with the district court that Ivy has failed to produce any evidence that Parker and Flowers did not intend to develop Mhoon Landing at the

time the property was purchased.  It was due to the change in the statutory scheme regulating the permissible locations of casinos, not the fraudulent intentions of Parker and Flowers, that led to their failure to develop infrastructure at Mhoon Landing.

We are in full agreement with the district court that Ivy has failed to meet its burden of proof and has failed to raise any genuine issue of material fact for trial.  The judgment of the district court is

A F F I R M E D.